# Baker *v.* The State.

### *Violating Prohibition Law.*

(Decided June 17, 1912. 59 South. 690.)

*Intoxicating Liquors; Evidence; Payment of Stamp Tax.*—Proof of payment of a retail liquor dealer's special United States revenue stamp tax for the place and period covered by the indictment for a violation of the state liquor law may be made by a copy of the record thereof, required to be kept in the office of the internal revenue collector, when certified by the proper custodian, although the certification is made after the commencement of the prosecution.

APPEAL from Anniston City Court.'

Heard before Hon. THOMAS W. COLEMAN, Jr.

Luther Baker was convicted of violating the prohibition law, and he appeals. Affirmed.

P. F. WHARTON, for appellant. The only insistence of appellant is that the certificate of the collector of internal revenue was improperly received, 1st, because it was made after the prosecution had begun, and 2nd, because the act known as the Fuller Bill provides that this information shall be obtained by the sheriff and furnished the solicitor. No authorities are cited in support of his contention.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—Over the objection of the defendant, the court admitted in evidence a certified copy of an entry of the payment by the defendant of a retail liquor dealer's special stamp tax on the alphabetical list of all persons who had paid special internal revenue taxes to the collector of United States internal revenue for the state of Alabama. This list is a record required by the federal statute to be kept in the office of the collector of internal revenue (3 Fed. Stat. Ann. p. 607, § 3240) ; and a copy of a part of it when certified by the proper custodian thereof, is admissible in evidence, under the provisions of section 3983 of the Code, and of section 22½ of the "Act to further suppress the evils of intemperance," etc.—Acts of Ala. Special Session 1909, pp. 63, 84; *Woodward v. State, infra,* 59 South. 688.

It is suggested in argument that this paper should not have been admitted in evidence, because it was certified to after the date of the commencment of this pros-

cution. It is assumed that this paper was obtained by the sheriff in the performance of the duty imposed upon him by sections 18 and 28 of the statute last referred to of procuring from the office of the United States internal revenue collector for the state the name of each person, firm, or corporation to whom a United States internal revenue license, or tax stamp, has been issued as a wholesale or retail liquor dealer, etc.; and it is argued that, as it was not obtained until after the commencement of this prosecution, it did not tend to show the commission by the defendant of an offense charged during the period covered by the indictment. The assumption mentioned is unwarranted. What the sheriff is required, by sections 18 and 28 of the statute, to procure at least once every month is merely a list of persons who have paid United States special taxes as wholesale or retail liquor dealers, etc., and the obtaining by him of such lists would not dispense with the necessity of having a duly certified copy of such an official record for use in a prosecution as legal evidence of a fact shown by it. As the certified copy of the official entry showed the payment by the defendant of a retail liquor dealer's special United States internal revenue stamp tax for a place and period covered by the indictment, it was admissible in evidence against him, under the provision of section 22½ of the statute last referred to; and the court was not in error in overruling the defendant's objection to this evidence.

The record presents no other question for review.

Affirmed.